UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20525-CR-/Middlebrooks/Garber

UNITED STATES OF AMERICA,

v.

JEAN LOUIS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks. Pursuant to such reference the Court has received the defendant Jean Louis's Motion to Suppress Statements [DE 52] and the government's response in opposition [DE 63]. A hearing on said motion was held on January 6, 2014. The defendant appeared with his attorney of record, Assistant Federal Public Defender Michael D. Spivack, and the government was represented by Assistant United States Attorney Michael N. Berger.

## FACTUAL BACKGROUND

On or about July 8, 2013, Patricia Gonzalez, a Special Agent (SA) with the Internal Revenue Service, Criminal Investigations, received a call from a bank investigator with Citibank regarding suspicious activity in a customer's account, JLL Multi Services. The activity was regarding a large tax refund deposit from the Treasury Department in the amount of $603,000.00. The signature on such account was Jean Louis, the defendant. It was determined that that the tax return upon which the refund was based was a false return. The name appearing on the tax return was that of the defendant. Accordingly, a freeze was placed on the subject bank account pending an investigation.

On July 9, 2013 SA Gonzalez was advised that the defendant appeared at Citibank at the request of the bank investigator, with supporting documentation regarding the account and suspect deposit. SA Gonzalez went to the bank and saw that officers of the Miami Beach Police Department were also present, as was the defendant and two others. A second IRS agent arrived and a decision was reached to proceed to the Miami Beach Police Department to continue the investigation.

The defendant was questioned in an interview room by SA Gonzalez and Miami Beach Detective Neil Fagen. The defendant was not handcuffed and neither of the law enforcement officers had weapons or were in uniform.

Fagen first asked background questions of the defendant such as how far he had gone in school, whether he was under the influence of alcohol or drugs, had any mental illness issues, and if he could read and write in English. All of Fagen's questions and conversations with the defendant were in English. The defendant said he had studied English at Miami-Dade College and Lindsey Hopkins, that he was not under the influence of alcohol or drugs, and had no mental illnesses. The defendant stated that he could read and write in English. Fagen testified that the defendant appeared to understand all of the questions and responded appropriately to all questions. At this point the defendant was given his *Miranda* rights by Fagen, who read such rights from a Miami Beach Police *Miranda* form which was signed by the defendant. Prior to signing the form, Fagen read each of the rights to the defendant, who stated that he understood them. The defendant was asked if he would answer Fagen's questions without a lawyer, to which he responded affirmatively. The defendant then signed the waiver form in the presence of Fagen and SA Gonzalez.

The defendant stated that he was comfortable communicating in English and advised that he spoke Creole and English. He did not request an interpreter. He was asked in English about his date

of birth, his social security number, his current phone number, and his address. His responses in English were all appropriate. When asked about his employment history, the defendant told of his prior employment, all in English. The interview of the defendant lasted approximately one hour and was conducted entirely in English.

When shown a copy of the suspect 2012 tax return leading to the substantial refund, he admitted that said return was his. He also denied being employed at the company listed as his employer, Warner Brothers. He denied ever working for such company  His explanation about receiving the large refund was to the effect that sometimes people are lucky.

SA Gonzalez never was concerned about whether the defendant understood what was taking place. She felt that there was no need for a Creole interpreter since the defendant stated that he was comfortable with English and responded appropriately to all questions and made cogent statements.

## **DISCUSSION**

The sole basis for the defendant's Motion to Suppress Statements is that such statements should be suppressed because he did not understand English. He contends that he did not understand his rights as guaranteed by *Miranda* and his waiver was not voluntarily, knowingly and intelligently given. Such claim is without basis in fact or law.

In a claim similar to the issue raised in the cause *sub judice*, the Eleventh Circuit has looked to whether the defendant could "interact intelligently with the police" as the test of whether the defendant waived his rights. *United States v. Oliveira-Guaresqui*, 445 Fed.App'x 224, 226 (11th Cir. Oct. 18, 2011). Here, the defendant indeed "interacted intelligently with the police" because (1) he stated that he was comfortable communicating in English; (2) spoke in English with police for an hour with no obvious difficulty; and (3) never requested an interpreter.

*Miranda* waiver challenges are regularly rejected by the Eleventh Circuit based on a defendant's claim that he did not understand English. *E.g. Oliveira-Guaresqui*, 445 Fed. App'x at 226 (finding that the defendant had waived his *Miranda* rights despite his claimed inability to understand English where the defendant "responded promptly and intelligently to questions asked in English"); *United States v. Beckles*, 565 F.3d. 832, 840 (11th Cir. 2009)(where the defendant waived *Miranda* rights despite his claimed inability to understand English where he "appeared to understand English and spoke with [law enforcement] in English"); *United States v. Longoria,* 229 Fed.App'x 885, 888 (11th Cir. May 10, 2007)(where an interpreter was never requested and the defendant spoke in English with law enforcement officers).

The Court finds the testimony of SA Gonzalez to be highly credible without any interest in the outcome of these proceedings other than to present and testify to the truth. On the other hand the Court is convinced that the defendant, who has an obvious interest in the outcome of these proceedings, has exhibited an ability to comprehend English in responses to questions put to him by the government. He appears to have a selective limitation of an understanding of English when it serves his best interests. He clearly understood his *Miranda* rights when read to him and freely, knowingly, and intelligently waived his rights.

## CONCLUSION AND RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record, the transcript of testimony of the suppression hearing, argument and submissions of the parties, the undersigned respectfully

RECOMMENDS that the defendant Jean Louis's Motion to Suppress Statements [DE 52] be DENIED.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. *See* 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir.), *cert. denied*, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 8th day of January 2014.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE